NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000711
28-SEP-2018
01:56 PM

NO. CAAP-18-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CR. NO. 3DTA-17-03816)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-03816 for the resulting appeal in appellate court case number CAAP-18-0000711, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable Margaret K. Masunaga's August 15, 2018 order finding Spinney fit to proceed with the trial and ordering Spinney to return to district court on September 13, 2018, for the trial on Plaintiff-Appellee State of Hawaii's (the State) December 22, 2017 complaint against Spinney for (1) operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-62 (Supp. 2017) and (2) operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005). On September 13, 2018, the district

court continued the trial in this matter until November 1, 2018. Under these circumstances, the dismissal of this appeal from the August 15, 2018 interlocutory order is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. In order to perfect a defendant's right to appeal from a district court criminal case pursuant to HRS § 641-12, the district court must enter either a judgment of conviction with a complete sentence, or a judgment dismissing the complaint without prejudice, thereby terminating the proceedings and leaving nothing further to be accomplished by the district court. State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (Dismissing an appeal from a district court judgment of conviction where "the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution."). Under HRS § 641-12, "[j]udgments of conviction entered in the district courts may not be appealed unless they are final." Kilborn, 109 Hawai'i at 442, 127 P.3d at 102.

In the instant case, the July 18, 2018 interlocutory order is not an appealable final order under HRS § 641-12, and, thus, it will be eligible for appellate review only by way of an appeal from a future appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered an appealable final judgment on the State's original December 22, 2017 two-count complaint, and, thus, we lack appellate jurisdiction over this appeal.

On May 23, 2018, the district court entered a "FINDINGS AND JUDGMENT OF SUMMARY-DIRECT CRIMINAL CONTEMPT" against Spinney, finding that Spinney caused a breach of peace and disturbance in open court, and, consequently, Spinney was guilty of "summary-direct criminal contempt" in violation of subsections (a) and (b) of HRS § 710-1077(1) (2014 & Supp. 2017) under the circumstances described in HRS § 710-1077(3)(a). The district court sentenced Spinney to imprisonment for a term of thirty days. HRS § 710-1077(3)(a) authorizes a trial court to treat a party's contempt of court as a petty misdemeanor when the party commits the offense in the immediate view and presence of the trial court:

> (3)   The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:
> (a)   If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; . . . .

The Supreme Court of Hawai'i has held that, however, "HRS § 710-1077(5) governs the procedures for an appeal of a conviction of criminal contempt, pursuant to HRS § 710-1077(3)(a)," State v. Tierney, 92 Hawai'i 178, 179, 989 P.2d 262, 263 (1999), and HRS § 710-1077(5) provides that "[a] judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to

review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review." (Emphasis added). Consequently, when a party is "convicted of and sentenced for criminal contempt under subsection (3)(a), HRS § 710-1077(5) requires that [the party] seek review in a proceeding for an extraordinary writ or special proceeding for review." Tierney, 92 Hawai'i at 179, 989 P.2d at 263.

Similarly in the instant case, HRS § 710-1077(5) prevents the district court's May 23, 2018 judgment of conviction against Spinney for criminal contempt in violation of HRS § 710-1077(3)(a) from qualifying as an appealable judgment under HRS § 641-12. Absent an appealable final judgment under HRS § 641-12, we lack appellate jurisdiction over Spinney's appeal.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000711 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **September 28, 2018.**

Presiding Judge

Associate Judge

Associate Judge

-4-